IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE UTESCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NUMBER: 1:24-cv-414 |
| | ) |
| AUSTAL USA and | ) |
| RUSTY MURDAUGH, | ) |
| individually and as the | ) |
| President of Austal USA, | ) |
| | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

## INTRODUCTORY STATEMENT

This is an action seeking principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination in employment on the basis of race, religion and retaliation. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## II

## ADMINISTRATIVE EXHAUSTION AND JURISDICTIONAL STATEMENT

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(3). Further, Plaintiff's EEOC complaints have been pending before the United States Equal Employment Opportunity Commission's Office for more than

120 days prior to the filing of this complaint. Therefore, Plaintiff has exhausted administrative remedies as required by law.

### III

### PARTIES

1. Plaintiff, Stephanie Utesch, is a Caucasian-American female employee of Defendant Austal USA and a resident citizen of Mobile County, Alabama. Plaintiff's employment by the Defendant commenced in July 2022 and was unceremoniously ended in October 2022 by the President of Defendant, Rusty Murdaugh.

2. Defendant, Austal USA is an American Shipbuilder based on Blakeley Island in Mobile, Alabama.

3. Defendant, Rusty Murdaugh, was the President of Austal USA and supervisor of the Plaintiff.

### III

### FACTUAL ALLEGATIONS

4. The Plaintiff has a Master's Degree in Management and has been employed continuously in the Human Resources field for over seventeen (17) years, having spent nine (9) years with her last employer, the Golden Nugget Hotel and Casino. The Plaintiff left that employment on June 13, 2022 with an impeccable

record of performance. The Plaintiff had never been reprimanded or received less than a superior performance evaluation.

5. The Plaintiff was initially contacted by an employment recruiter hired by Austal. In the initial meeting, the Plaintiff was informed that the position at Austal was a temporary position. Based on this information the Plaintiff was not inclined to accept the position. However, the Plaintiff was later informed that Rusty Murdaugh represented that the position was permanent. Based on this representation the Plaintiff accepted the HR position offered by Austal and started on June 28, 2022. The Plaintiff's direct supervisor was Rusty Murdaugh.

6. The Plaintiff was never advised or informed that the atmosphere at Austal was hostile, chaotic and nearly out of control. On Plaintiff's first day of employment, she was pulled from a training meeting and thrown into a hurricane. It was at this stage that the Plaintiff was informed that she needed to hire new employees because an entire department had resigned. Later, the Plaintiff was required to provide HR services in not only Mobile, but also to Singapore and San Diego. The Plaintiff was immediately requested to perform an internal investigation of John Bell. This investigation was basically led by Rusty Murdaugh. Plaintiff never

received adequate training on the policies and procedures or the rules and regulations of Austal.

7. On August 22, 2022, the Plaintiff received an evaluation pursuant to the New Hire Performance Status Review. In all six (6) categories, the Plaintiff met all expectations. The overall rating was meets expectations. The supervisor, Rusty Murdaugh added the following comment:

"Please continue remaining focused on learning our systems and processes while filling key roles in the Recruiting department. You are in the heart of a learning curve and will come out stronger as a result. Your energy and team pride is great. Please remain positive, driven and open to learning."

There were no negative comments by Rusty Murdaugh. To further mislead the Plaintiff, Murdaugh offered the Plaintiff over $10,000 of stock options and stated" this was a reward for her excellent performance". While delivering the stock options, Murdaugh, stated that it was "his fault, that I was in this situation" referencing the overwhelming expectations of the position being void a Talent Acquisition Manager, recruiting team, HR Manager (PDSS), or Vice President of Human Resources. Rusty Murdaugh was well aware of the difficulties and the impossible task the Plaintiff was assigned to perform.

8. One day prior to Plaintiff's termination, Plaintiff filed a hostile work environment complaint to Gia Wiggins, Interim Vice President of Human Resources

regarding Roberta Bingham. The following day Rusty Murdaugh came into Plaintiff's office and stated she was fired without any warning.

## COUNT ONE

## NEGLIGENT TRAINING AND SUPERVISION

9. Plaintiff adopts and incorporates by reference each of the preceding paragraphs, 1-8 as if set forth fully herein.

10. The Defendants, Austal USA and Rusty Murdaugh negligently failed to employ reliable employees to ensure that persons such as Plaintiff are not injured

or otherwise damaged by negligently hiring, training, and/or supervising which allowed these events to occur.

11. As a direct and proximate result of the Defendants, Austal USA and Rusty Murdaugh's actions, Plaintiff was damaged and injured as follows:

    a. Emotional distress and/or mental anguish

    b. Humiliation, embarrassment and damage to reputation

    c. Legal expenses for representation

    d. Lost wages

**WHEREFORE,** Plaintiff requests entry of judgment in her favor and against the Defendants for compensatory and punitive damages in an amount in excess of the jurisdictional limits, plus attorney fees and costs of this action.

## COUNT TWO

## RETALIATION AND UNLAWFUL TERMINATION

12. Plaintiff adopts and incorporates by reference each of the preceding paragraphs, 1-11 as if set forth fully herein.

13. Plaintiff filed a hostile work environment complaint regarding Roberta Bingham. The following day Rusty Murdaugh came into Plaintiff's office and stated she was fired without any warning.

14. As a direct and proximate result of the Defendants, Austal USA and Rusty Murdaugh's actions, Plaintiff was damaged and injured as follows:

    a.    Emotional distress and/or mental anguish

    b.    Humiliation, embarrassment and damage to reputation

    c.    Legal expenses for representation

    d.    Lost wages

**WHEREFORE,** Plaintiff requests entry of judgment in her favor and against the Defendants for compensatory and punitive damages in an amount in excess of the jurisdictional limits, plus attorney fees and costs of this action.

## COUNT THREE

## HOSTILE WORK ENVIRONMENT

15. Plaintiff adopts and incorporates by reference each of the preceding paragraphs, 1-14 as if set forth fully herein.

16. The Plaintiff was never advised or informed that the atmosphere at Austal was hostile, chaotic and nearly out of control

17. As a direct and proximate result of the Defendants, Austal USA and Rusty Murdaugh's actions, Plaintiff was damaged and injured as follows:

    a.    Emotional distress and/or mental anguish

    b.    Humiliation, embarrassment and damage to reputation

    c.    Legal expenses for representation

    d.    Lost wages

**WHEREFORE,** Plaintiff requests entry of judgment in her favor and against the Defendants for compensatory and punitive damages in an amount in excess of the jurisdictional limits, plus attorney fees and costs of this action.

## COUNT FOUR

## FALSE AND FRAUDULENT MISREPESENTATIONS

18. Plaintiff adopts and incorporates by reference each of the preceding paragraphs, 1-17 as if set forth fully herein.

19. The Plaintiff was initially contacted by an employment recruiter hired by Austal. In the initial meeting, the Plaintiff was informed that the position at Austal was a temporary position. Based on this information the Plaintiff was not inclined to accept the position. However, the Plaintiff was later informed that Rusty Murdaugh

represented that the position was permanent. Based on this representation the Plaintiff accepted the HR position offered by Austal and started on June 28, 2022.

20. As a direct and proximate result of the Defendants, Austal USA and Rusty Murdaugh's actions, Plaintiff was damaged and injured as follows:

    a. Emotional distress and/or mental anguish

    b. Humiliation, embarrassment and damage to reputation

    c. Legal expenses for representation

    d. Lost wages

**WHEREFORE,** Plaintiff requests entry of judgment in her favor and against the Defendants for compensatory and punitive damages in an amount in excess of the jurisdictional limits, plus attorney fees and costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) A declaratory judgment that because Plaintiff engaged in protected activity by filing hostile work environment complaint the Defendants unlawfully retaliated

against her in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(b) Award Plaintiff all back pay and benefits she would have been entitled to

(c) Award Plaintiff compensatory damages in the amount of $300,000;

(d) Award Plaintiff her costs and expenses in bringing this action, including a reasonable attorney's fee; and such other alternate relief as the court may deem just and proper.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

*/s/ Willie J. Huntley, Jr.*
Willie J. Huntley, Jr. (HUNTW5746)
Attorney for Plaintiff

**OF COUNSEL**

The Huntley Firm, P.C.
Post Office Box 370
Mobile, Alabama 36601-0370
(251) 232-0143
huntfirm@bellsouth.net

SERVICE TO DEFENDANTS BY CERTIFIED MAIL:

Austal USA
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

Mr. Rusty Murdaugh
c/o Murdaugh Maritime Services
3420 South 7th Street
Phoenix, Arizona 85085